IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALIETTE GONZALEZ, | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | No. 24-cv-02924 |
| | : | |
| STAPLES CONTRACT AND | : | |
| COMMERCIAL LLC; AND STAPLES INC., | : | |
| Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                                                                                          **July 24, 2025**

**I.     INTRODUCTION**

Currently before this Court is a Motion for Summary Judgment (ECF No. 23) filed by Staples Contract and Commercial, LLC, and Staples, Inc. The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, this Motion is Denied.

**II.    FACTUAL BACKGROUND**

Plaintiff, Aliette Gonzalez was a Strategic Account Manager for Defendants' Staples, Inc. and Staples Contract and Commercial, Inc., ("SCC," collectively "Staples" and/or "Defendants").[1] (Plaintiff's Statement of Disputed Material Facts, ECF No. 24-2 ("SDMF") ¶ 2). Plaintiff worked for Defendants as a Strategic Account Manager for over fifteen years, and she was over sixty years old at the time of her termination. (Statement of Undisputed Material Facts, ECF No. 23-4 ("SUMF") ¶ 13). In 2022, Quest Diagnostics was one of Plaintiff's biggest clients, purchasing

---

[1] In referring to Defendants collectively, the Court makes no formal finding that Staples, Inc. is or was Plaintiff's employer. The Court merely refers to Defendants collectively for simplicity and ease of use. As will be discussed in more detail hereinbelow, it is the opinion of this Court that the joint employer status of Staples, Inc. is an issue that should be determined by a fact-finding body.

uniforms from Defendants. (SDMF ¶¶ 20-21). In mid-2022, Quest Diagnostics stopped purchasing uniforms from Defendants. (*Id.* ¶ 26). After that point, Plaintiff's sales fell short of her monthly total budget achievements for several consecutive months. (*Id.* ¶ 41). Even after losing Quest Diagnostics' business, Defendants did not reduce Plaintiff's sales forecast and budget achievement goals. (*Id.* ¶ 53). On August 30, 2023, Plaintiff's manager placed Plaintiff on an Associate Success Plan ("ASP") to address Plaintiff's failure to meet her forecasted sales plan. (*Id.* ¶¶ 107-09). Twenty days into Plaintiff's sixty-day ASP, Defendants terminated Plaintiff on October 4, 2023. (*Id.* ¶¶ 128-30). Plaintiff was the oldest member of her sales team over the course of her last two years working for Defendants. (*Id.* ¶ 10). Plaintiff now alleges disparate treatment on account of her age and sex. (Complaint, ECF No. 1 ("Compl.") ¶¶ 64, 71).

## III.  LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law". *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425

(3d Cir. 2013).  If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial."  *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotations omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001).  Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

There are genuine disputes of material facts in this case that preclude the Court from entering summary judgment in favor of the Defendants.  There is a genuine dispute of material fact as to whether Defendants discriminated against Plaintiff based on Plaintiff's age.  There is a genuine dispute as to whether Defendants discriminated against Plaintiff on the account of Plaintiff's sex.  There is a genuine dispute of material fact as to whether Defendants SCC and Staples, Inc. are joint employers.

### A.  A Jury Should Decide Whether or Not Defendants Wrongfully Discriminated Based on Plaintiff's Age:

A reasonable jury could determine that age discrimination was a but-for cause of Plaintiff's termination, so summary judgment is inappropriate pursuant to Fed. R. Civ. P. 56.  Under the Age Discrimination in Employment Act, employers cannot "fail or refuse to refer for employment, or

3

otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." 29 U.S.C.S. § 623. "The elements of a prima facie case of age discrimination are that: (1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). Where the Plaintiff is not directly replaced, the fourth element is satisfied if the plaintiff can provide facts which "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Id.* (quoting *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1995)). "Once a plaintiff establishes a prima facie case, an employer can defend by arguing that the challenged practice was based on 'reasonable factors other than age' . . . ." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 69 (3d Cir. 2017). "If the employer satisfies this second step, the burden shifts back once more to the plaintiff to show, by a preponderance of the evidence, that the employer's proffered legitimate, nondiscriminatory reason was pretextual." *Willis*, 808 F.3d at 644.

There are two ways to prove pretext: (1) the plaintiff can "point to evidence that would allow a factfinder to disbelieve the employer's reason for the adverse employment action," or (2) the plaintiff can "point to evidence that would allow a factfinder to believe that an invidious discriminatory reason was 'more likely than not a motivating or determinative cause' of the employer's action." *Id.* at 644-45. Taking the second option, plaintiff can prove "(1) the defendant previously discriminated against the plaintiff; (2) the defendant discriminated against others within the plaintiff's protected class; or (3) the defendant has treated similarly situated, substantially younger individuals more favorably." *Id.* at 645. Ultimately, "To succeed on an ADEA claim, a

4

plaintiff must establish, by a preponderance of the evidence, that age was the 'but-for' cause of the adverse employment action." *Id.* at 644.

Here, a reasonable jury could find that Plaintiff established a prima facie case of age discrimination. Plaintiff is over forty years old because she was sixty years old at the time of her termination. (SDMF ¶ 128). Plaintiff suffered the adverse employment decision of termination. (*Id.*). A reasonable jury could deem Plaintiff to be qualified because she had functioned in her role as a Strategic Account Manager for over fifteen years. (SUMF ¶ 13). A reasonable jury could find that a sufficiently younger employee replaced Plaintiff because Defendants assigned Plaintiff's accounts to Michele Jacobs, a fifty-seven-year-old employee. (Response in Opposition to Motion, ECF No. 24 ("Response") at 12; SDMF ¶ 14). A reasonable jury can determine that a three-year age difference is sufficiently younger.

Defendants argue that they had a reasonable justification to terminate Plaintiff, namely the legitimate, nondiscriminatory reason was Plaintiff's inability to meet employment goals. (Motion for Summary Judgment, ECF No. 23-2 ("MSJ") at 15). Defendants point to Plaintiff's "failure to meet sales goals for eight consecutive periods" as evidence of her failure to meet employment goals. (*Id.*). Plaintiff contends that Defendants' proffered justification for her termination – which is based on her failure to meet sales goals – is a pretextual excuse for discrimination, and that the true reason for termination was age discrimination. (Response at 23).

Here, a reasonable jury could agree that Defendants' justification was merely pretext, and age discrimination was a but-for cause of Plaintiff's termination. Plaintiff argues that Plaintiff experienced disparate treatment from similarly situated, younger employees. (*Id.* at 23, 28, 38, 39). A reasonable jury could interpret the facts Plaintiff's presents to prove such disparate treatment. Plaintiff was the oldest member of her sales team. (SDMF ¶ 10). After Plaintiff lost her biggest

5

client, she was informed that Defendants would not reduce her sales forecast and budget achievement goals. (*Id.* ¶ 53). As well, Plaintiff's miscellaneous budget was disproportionately higher than her teammates' miscellaneous budgets. (*Id.* ¶ 65). In 2023, while Plaintiff's miscellaneous budget was $1,500,000, other employees had miscellaneous budgets ranging $465-$19,068. (*Id.* ¶ 66). Despite Plaintiff's large budget goals and acknowledging Plaintiff had the bandwidth to take on new business, Defendants did not assign Plaintiff any new clients in 2023; instead, Defendants assigned seven new customers to Plaintiff's team members. (*Id.* ¶¶ 84-85).

In 2022, Defendants informed Plaintiff that she would be assigned to an ASP if she failed to meet three consecutive budget goals. (*Id.* ¶ 42). However, several other younger employees on the team also failed to make three or more consecutive budget goals, and they were not placed on an ASP. (*Id.* ¶ 44). Plaintiff was assigned to an ASP in August of 2023. (*Id.* ¶ 109). Defendants argue they assigned Plaintiff to an ASP for eight consecutive missed budget goals, but another employee missed eleven of twelve periods of budget goals and was not assigned to an ASP. (*Id.* ¶ 51). One fifty-one-year-old employee missed eleven consecutive budget goals and was not assigned to an ASP, nor did she receive any formal warning. (*Id.* ¶ 119-120).

A reasonable jury could find that disparate treatment in budget goals (including miscellaneous budget goals), customer assignments, and the lack of ASP assignments for younger employees constitutes age discrimination such that age discrimination was a but-for cause of Plaintiff's termination. Thus, summary judgment is inappropriate at this time pursuant to Fed. R. Civ. P. 56.

 **B.** **A Jury Should Decide Whether or Not Defendants Wrongfully Discriminated Based on Plaintiff's Sex:**

A reasonable jury could find that Defendants discriminated against Plaintiff on the basis of sex, so summary judgment is inappropriate pursuant to Fed. R. Civ. P. 56. Under Title VII,

employers cannot "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C.S. § 2000e-2.  To establish a prima facie case of sex discrimination, a plaintiff must show that "(1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). "If a plaintiff establishes a prima facie case of discrimination, then an inference of discriminatory motive arises and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Id.*  "If the defendant does so, the inference of discrimination drops and the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely pretext for intentional discrimination." *Id.*  To establish the proffered reason is pretext, the plaintiff must present evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Ultimately, in sex discrimination cases, a plaintiff must prove sex discrimination was a but-for cause of the negative outcome. *Id.*

    Here, a reasonable jury could find that Plaintiff established a prima facie case of sex discrimination.  Women are a protected class, and Plaintiff was a sixty-year-old woman at the time of her termination. *See Pivirotto v. Innovative Sys.*, 191 F.3d 344, 355 (3d Cir. 1999); (SDMF ¶ 128).  A reasonable jury could deem Plaintiff to be qualified because Plaintiff worked for Defendants as an Account Manager for fifteen years. (SUMF ¶ 13).  Plaintiff suffered the adverse

employment decision of termination. (SDMF ¶ 128). Similarly situated male employees either were not assigned to ASP's despite also missing several consecutive budget goals or were given the full sixty days assigned to an ASP before termination – which constitutes evidence that could give rise to a reasonable inference of sex discrimination. (*Id.* ¶¶ 51, 131). Defendants argue there was a legitimate, nondiscriminatory reason for the termination, namely Plaintiff's failure to meet employment goals. (MSJ at 26). However, Plaintiff contends that Defendants' proffered nondiscriminatory reason of failure to meet employment goals is merely pretext for sex discrimination.

A reasonable jury could disbelieve Defendants' proffered reason of poor employee performance. Male employees who did not meet at least three consecutive (up to eleven of twelve) monthly budgets were not assigned to ASPs while Plaintiff was. (SDMF 51). As well, a male employee who was assigned to an ASP was given sixty days to meet sales goals and expectations and then terminated at the end of the sixty-day period. (*Id.* ¶ 131). In contrast, Defendants terminated Plaintiff twenty-days into Plaintiff's sixty-day ASP for not meeting sales and business expectations. (*Id.* ¶ 130). The male employee worked the full ASP period while Defendants terminated Plaintiff twenty-days into the sixty-day period. These two disparities could lead a reasonable jury to disbelieve that Defendants terminated Plaintiff for not meeting employee expectations. Thus, summary judgment is inappropriate pursuant to Fed. R. Civ. P. 56.

    **C.**     **A Jury Should Decide Whether or Not Defendants Were Joint Employers:**

A reasonable jury could determine that Defendants SCC and Staples, Inc. were joint employers, so summary judgment is not appropriate at this stage pursuant to Fed. R. Civ. P. 56. Defendants argue that summary judgment should be granted for Defendant Staples, Inc. because SCC alone employed Plaintiff, not Staples, Inc. (SUMF ¶ 2). Plaintiff argues that Defendants SCC

and Staples, Inc. are joint employers. (Response at 12). Joint employers exist when "two or more employers exert significant control over the same employees . . . ." *NLRB v. Browning-Ferris Indus., Inc.*, 691 F.2d 1117, 1124 (3d Cir. 1982). Whether the employer "possessed sufficient control over the work of the employees to qualify as a joint employer . . . is essentially a factual issue . . . ." *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964). *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation* set out a four-factor test to determine if a company is a joint employer:

> [C]ourts should consider: 1) the alleged employer's authority to hire and fire the relevant employees; 2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; 3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and 4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.

683 F.3d 462, 469 (3d Cir. 2012).

Here, Plaintiff presents facts that could lead a reasonable jury to determine that Defendant Staples, Inc. is a joint employer. Many of the documents Plaintiff signed regarding her employment identified Defendant, Staples, Inc. as Plaintiff's employer, i.e. the "Non-Complete and Non-Solicitation Agreement" and the "Proprietary and Confidential Information Agreement." (Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, ECF No. 24-1 ("Response to SUMF") at 2). Beyond these documents, Defendant Staples, Inc. was heavily involved in Plaintiff's employment from issuing her performance improvement plan, to issuing a yearly review in 2018, to providing her 401(K) savings plan, to issuing the "Associate Handbook" containing the terms and conditions of Plaintiff's employment, to issuing Plaintiff's payroll deposits. (*Id.* at 3). A reasonable jury could interpret this level of involvement in Plaintiff's career,

9

benefits, and payment as exerting "significant control" over Plaintiff. Thus, summary judgment for Defendant Staples, Inc. would be inappropriate and denied pursuant to Fed. R. Civ. P. 56.

## V. CONCLUSION

For the foregoing reasons, Defendants' Staples Contract and Commercial LLC and Staples, Inc.'s Motion for Summary Judgment is Denied. An appropriate Order follows.

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**